**IN THE UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **AARON P. TANNER** | § | |
| | § | |
| **V.** | § | **NO. 1:11-CV-343** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security** | § | |
| **Administration** | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate

Judge, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge

submitted a report recommending that the decision of the Commissioner be affirmed.  The Plaintiff

filed timely objections to the magistrate judge's Report and Recommendation.  The Court, therefore,

must conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

See FED. R. CIV. P. 72(b).

**I.  OBJECTIONS**

The Plaintiff's first objection concerns the magistrate judge's finding on the Administrative

Law Judge's ("ALJ") alleged failure to properly consider the medical opinion of the Plaintiff's

treating physician, Dr. Lakshmanan.  The Plaintiff's second objection complains of the magistrate

judge's finding concerning the ALJ's alleged failure to consider and incorporate the functional

limitations reported by Dr. Reddy, a state agency consultant, into the Plaintiff's residual functional

capacity assessment.  These objections mirror the arguments made by the Plaintiff in his original

briefing.  Like the magistrate judge, the Court finds the Plaintiff's arguments without merit and overrules his objections.

### A.  Dr. Lakshmanan, the Plaintiff's Treating Physician

The Plaintiff argues that the magistrate judge was incorrect in finding that the ALJ properly afforded lesser weight to the opinion of his treating physician, Dr. Lakshmanan, because the ALJ found his opinion was contradicted by the opinion of other examining physicians.  The Plaintiff argues that Dr. Correia's opinion, an examining physician, is not a contradiction, but merely an assertion that the Plaintiff can perform certain activities only if given "adequate time."  The Plaintiff also argues that Dr. Meir's GAF score does not contradict Dr. Lakshmanan's opinion because such a score does not establish a capacity to engage in substantial gainful activity.  In addition, he alleges that the ALJ should have re-contacted Dr. Lakshmanan for clarification regarding his inconsistent reports per Social Security Rulings 96-2 and 96-5p.

In this case, the ALJ did not err in giving lesser weight to Dr. Lakshamanan's opinion because it was conclusory, lacked credibility, and was unsupported by objective medical evidence. In support of this finding, the ALJ pointed to controverting medical evidence from Dr. Correia and Dr. Meier.  However, even without this controverting evidence, the ALJ still properly addressed the treating physician's opinion by analyzing the six (6) factors set forth in section 404.1527(c)(2).

The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings.  <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000).  However, absent reliable medical evidence from a treating or examining physician *controverting* the claimant's treating physician, an ALJ may reject the opinion of the treating

physician *only if* the ALJ performs a detailed analysis of the treating physician's view under the six

factors set forth in 20 C.F.R. § 404.1527(c)(2).[1]  Id. at 453 (emphasis added).

Dr. Correia's opinion clearly contradicts Dr. Lakshamanan's opinion regarding the Plaintiff's

abilities.  Dr. Lakshmanan stated that the Plaintiff "is not able to function at all." (Tr. 269-270.)  He

also reported a GAF score of 42[2], which indicates serious difficulty in social, occupational, or school

functioning; marked restrictions in activities of daily living; extreme difficulty in maintaining social

functioning; deficiencies of concentration, persistence, and pace; and repeated episodes of

deterioration or decompensation in work.  (Tr. 15; 268-270.)  Dr. Correia, on the other hand, stated

that the Plaintiff has age appropriate social skills; no cognitive or attentional factors impeding his

ability to perform tasks as required given adequate time; no substantial deterioration in his condition

in the last six (6) months; a GAF score of 55; and that he was of average intelligence intellectually.

(Tr. 240-241.)  He also noted that the Plaintiff could engage in abstract reasoning, memory recall,

had good concentration, good judgment, and problem solving abilities.  (Tr. 241.)  He recommended

that the Plaintiff continue with psychopharmacological and psychotherapeutic intervention.  (Tr. 241-

242.)  Likewise, Dr. Meier similarly found a GAF score of 55, which also indicates a higher

functioning level than that given by Dr. Lakshmanan.  (Tr. 273-275.)  In addition, Dr. Lakshmanan's

later records indicate that the Plaintiff denied any depression, his medications were working well,

---

[1]   "The plain implication of [this] statement is that where there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor in § 404.1527[(c)](2) is unnecessary." Rollins v. Astrue, 464 F. App'x 353, 358 (5th Cir. 2012).

[2]   The Global Assessment Functioning Scale ("GAF") assesses an individual's psychological, social and occupational functioning with a score of 1 being the lowest and a score of 100 being the highest.  The GAF score considers "psychological, social and occupational functioning on a hypothetical continuum of mental health-illness." American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (DSM–IV–TR), p. 34 (4th ed. 2000).  A GAF score of 41 to 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Id.

he had full inter-episode recovery, and a GAF score of 62, which also discredits his earlier medical statement.[3]

Nonetheless, even if there were no controverting medical opinions from treating or examining physicians, the ALJ still had a proper basis for rejecting Dr. Lakshmanan's medical opinion, because he addressed each of the six factors[4] in his decision in evaluating Dr. Lakshmanan's medical statement.  As to the Plaintiff's length of treatment, ALJ Howard states, "[t]hree years of treatment records from Dr. Lakshmanan indicate that the claimant has been doing well."  (Tr. 15.) Regarding frequency of examination, he states that "the claimant only sought medical treatment twice in 2007.  However, there is no record of treatment for any physical impairment in 2008. Likewise, the claimant only sought medical treatment once in 2009 for abdominal pain.  In fact, the claimant reported that he has not seriously investigated his chronic fatigue impairment in February 2009."  (Tr. 14.)  ALJ Howard also states that Dr. Lakshmanan was treating the Plaintiff for depression, and the medical records further indicate the nature and extent of the treating relationship. In addition, ALJ Howard goes over in detail the lack of support and consistency in the record for Dr. Lakshmanan's opinion.  Lastly, he states that Dr. Lakshmanan is a psychiatrist, which denotes that his specialty is psychiatry.  (Tr. 14.)  Consequently, there is no error in the magistrate  judge's

---

[3]    The Plaintiff's argument that the ALJ should have re-contacted Dr. Lakshmanan regarding these discrepancies was not raised in his original briefing; therefore, that point is not properly before the Court.  See Rodriguez v. Apfel, 139 F.3d 898 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot be raised on appeal.").

[4]    The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(c)(2) are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.  "This regulation does not require the ALJ to explicitly discuss each of the factors, however, if the ALJ engages in a detailed discussion of the evidence and there are inconsistencies between the physician's opinion and the record."  Mitchell v. Astrue, No. SA-11-CA-0751-XR, 2012 WL 2368508, *6 (W.D. Tex. 2012) (citing Ward v. Barnhart, 192 F. App'x 305, 308-309 (5th Cir. 2006)).

finding that ALJ Howard properly gave little weight to Dr. Lakshmanan's conclusory opinion.

**B. Dr. Reddy, the State Agency Medical Consultant**

The Plaintiff also objects to the magistrate judge's finding that the ALJ reasonably incorporated the limitations found by Dr. Reddy regarding the Plaintiff's ability to understand, remember and carry out detailed instructions into his RFC assessment. The Plaintiff further asserts that the ALJ should have asked the vocational expert about these limitations for his RFC assessment.

Although ALJs are not bound by any findings made by State agency medical consultants, they must consider such findings as opinion evidence. 20 C.F.R. §§ 404.1527(f)(2)(i) & 416.927(f)(2)(I) (2012). ALJs may not ignore the opinions of state agency consultants, and must explain the weight given to the opinions in their decisions. 20 C.F.R. § 404.1527(f)(2)(ii) (2012). However, where substantial evidence supports the ALJ's decision, the failure to consider every single opinion or statement of a state agency medical consultant may constitute harmless error. Alejandro v. Barnhart, 291 F.Supp.2d 497, 516-17 (S.D. Tex. 2003). Remand is appropriate only if the procedural improprieties would cast doubt on the existence of substantial evidence to support the ALJ's decision. Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

Dr. Reddy found that the Plaintiff was moderately limited in his ability to: understand and remember detailed instructions; carry out detailed instructions; complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and accept instructions and respond appropriately to criticism from supervisors. (Tr. 259-260.) She also stated that the Plaintiff "can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately

to changes in routine work settings." (Tr. 261.)  In addition, Dr. Reddy noted that the Plaintiff "is somewhat limited by his condition, however his ability to function independently, appropriately, and effectively on a sustained basis is not wholly compromised." (Tr. 257.)

ALJ Howard did in fact give considerable weight and generally concurred with Dr. Reddy's opinion. (Tr. 15.)  In addition, the ALJ incorporated most of the limits raised by Dr. Reddy into the RFC assessment.  For example, as opposed to a normal work-day, he gave the Plaintiff the option to sit or stand at will so that he may rest, and he also limited the Plaintiff to simple[5], repetitive, one to three step tasks performed at a non-forced pace.  However, "[t]he regulations do not specifically require the ALJ to find that the limitations found [by the state agency consultant] in evaluating the mental impairments must be word-for-word incorporated into either the RFC determination or the hypothetical question posed to the VE." Patterson v. Astrue, No. 1:08–CV–109–C, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009).  Even though the ALJ did not incorporate word-for-word every limitation found by Dr. Reddy, there is substantial evidence in the record that supports the ALJ's RFC assessment.

Moreover, the hypothetical presented to the vocational expert must reasonably incorporate all of the disabilities recognized by the ALJ's residual functional capacity assessment, and the claimant or his representative must be afforded the opportunity to correct any deficiencies in the ALJ's question.  Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).  ALJ Howard reasonably incorporated the limitations he recognized in his RFC assessment.  As to his ability regarding

---

[5]   As to the Plaintiff's argument, citing Eighth Circuit law,  that a restriction to "simple" work is inconsistent with jobs performed at a reasoning level 2 and therefore conflicts with the Dictionary of Occupational Titles, the Court agrees with the magistrate judge's finding that a limitation to simple and repetitive tasks does not necessarily preclude jobs with a reasoning level of 2 or higher and failure to raise this particular issue in this case during cross-examination of the vocational expert waives the Plaintiff's argument on this point.  See Gaspard v. SSA, 609 F.Supp.2d 607, 617 (E.D. Tex. 2009); Veal v. SSA, 618 F.Supp.2d 600, 613 (E.D. Tex. 2009).

maintaining concentration, persistence and pace, courts have held that limiting a claimant to simple, repetitive, routine tasks reasonably encompasses such limitations.  Adams v. Astrue, No. CV 07–1248, 2008 WL 2812835, at *4 (W.D. La. June 30, 2008) ("A limitation to simple, repetitive, routine tasks adequately captures deficiencies in concentration, persistence or pace."); Hodgson v. Astrue, No. 4:07–CV–529–Y, 2008 WL 4277168, at *8 (N.D.Tex. Sept.16, 2008) ("[The claimant] has not demonstrated that a restriction to simple one- and two-step tasks did not adequately accommodate her moderate difficulty maintaining concentration, persistence or pace.").  Furthermore, there were no attempts to correct this alleged deficiency by the Plaintiff or his attorney at the hearing, thereby waiving his right to object to this issue.  See Quintanilla v. Astrue, 619 F.Supp.2d 306, 323 (S.D. Tex. 2008) ("An applicant waives his right to challenge a hypothetical on review if he does not address its deficiencies at the hearing.") (citing Wise v. Barnhart, 101 F. App'x 950, 951 (5th Cir. 2004)).

## II.  ORDER

The Court considered the report and recommendation filed on December 3, 2012 (Docket 20) and the Plaintiff's Objections (Docket No. 21), as well as the record, pleadings, and all available evidence.  The magistrate judge recommends affirming the Commissioner's decision to deny benefits.  After careful consideration, the Court **ACCEPTS** the magistrate judge's recommendation and **AFFIRMS** the Commissioner's denial of benefits.

So **ORDERED** and **SIGNED** this **14** day of **January, 2013.**

_____

Ron Clark, United States District Judge